IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ELIZABETH RICHARDS AND | § | |
| MARCUS TYRELL GAY, SR. | § | |
| | § | |
| V. | § | No. 5:14CV111-JRG-CMC |
| | § | |
| CHARLES CANNON, ET AL. | § | |

**MEMORANDUM ORDER**

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiffs filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

**I. BACKGROUND**

Pro se plaintiffs Elizabeth Richards and Marcus Tyrell Gay, Sr. ("Plaintiffs") filed separate civil rights lawsuits seeking damages arising under the United States Constitution via 42 U.S.C. § 1983 for their alleged wrongful arrest on February 26, 2013. The two lawsuits were consolidated into the current matter on October 17, 2014. On October 20, 2014, Plaintiffs filed an Amended Defendants List, which included the State of Texas; Troopers Charles Cannon, Jason Pearce, Justin Hilton, and Nathan Head in their individual and official capacities; and an "unknown officer" with the Texas Department of Public Safety. The consolidated amended complaint filed by Plaintiffs on December 29, 2014 listed the State of Texas and Troopers Cannon, Hilton, and Head (but not

Pearce).[1]

A June 9, 2015 Docket Control Order, which was later vacated in November of 2015, provided an August 31, 2015 deadline to join parties. More than two years after the incidents of February 26, 2013, Plaintiffs filed a Second Amended Complaint on July 22, 2015, adding as defendants for the first time the Texas Department of Public Safety; Captain Ricky Bryant; Lieutenant Colonel and Chief Luis Gonzalez, and Supervisor Vestor Roney; Lauren Craig-Burns, an employee with the Texas Department of Family and Protective Services ("DFPS"); Titus County Jail Captain Brad Fosdick and Titus County, Texas; and the City of Mt. Pleasant, Texas (collectively "Moving Defendants").

## II. MOVING DEFENDANTS' MOTIONS TO DISMISS

The City of Mt. Pleasant moved to dismiss Plaintiffs' claims based on the applicable statute of limitations. According to this defendant, Plaintiffs filed their SAC adding the City of Mt. Pleasant on July 22, 2015, which was well after the two-year statute of limitations had run. Defendant Craig-Burns, Titus County Jail Captain Fosdick, and Titus County, Texas also moved to dismiss Plaintiffs' claims as barred by limitations. The Texas Department of Public Safety ("DPS") moved to dismiss under Rules 12(b)(1) and 12(b)(6), asserting § 1983 does not waive Eleventh Amendment immunity for the State or its agencies, and Plaintiffs' suit is barred by the Eleventh Amendment. Supervisors Bryant, Gonzalez, and Roney moved to dismiss pursuant to Rule 12(b)(6), asserting they are entitled to qualified immunity and the statute of limitations has expired.

## III. REPORT AND RECOMMENDATION

On January 25, 2016, the Magistrate Judge issued a 16-page Report and Recommendation,

---

[1] Any unknown officer(s) and the State of Texas have been dismissed from this lawsuit.

recommending Moving Defendants' motions to dismiss be granted and that Plaintiffs' case against Bryant, Gonzalez, Roney, Craig-Burns, the City of Mt. Pleasant, Texas, Brad Fosdick, and Titus County, Texas be dismissed with prejudice and Plaintiffs' case against the Texas DPS be dismissed without prejudice. Specifically, the Magistrate Judge found the Court does not have jurisdiction over the Texas DPS.

Regarding the remaining defendants first added to this case in Plaintiffs' SAC ("newly-added Moving Defendants"), the Magistrate Judge concluded Plaintiffs' claims against them were barred by the two-year statute of limitations. After noting Plaintiffs acknowledged their "claims accrued on February 26, 2013, and the statute of limitations ran on February 27, 2015," the Magistrate Judge held the claims against these newly-added defendants did not relate back to the original complaints so as to avoid the statute of limitations bar. Finally, the Magistrate Judge rejected Plaintiffs' argument that their compliance with the deadline to join additional parties immunized an amendment outside the statute of limitations. *See Clark v. Hawkins*, 41 F.3d 664, 664 n. 8 (5th Cir.1994)("We have found no authority to support the conclusion that compliance with a scheduling order immunizes an amendment against a statute of limitations defense.").

Plaintiffs filed objections to the Magistrate Judge's recommendation. Defendants Craig-Burns, Fosdick, Titus County, Texas, and the City of Mt. Pleasant, Texas filed responses to Plaintiffs' objections.

## IV. *DE NOVO* REVIEW

**A.     Texas DPS**

The bulk of Plaintiffs' objections address the Magistrate Judge's findings as to the statute of limitations. Specifically regarding the Magistrate Judge's recommendation that the Texas DPS'

motion be granted based on Eleventh Amendment immunity, Plaintiffs argue as follows:

> The Supreme Court has held that a local government defendant has no qualified immunity from compensatory damages liability. . . . Municipalities and local governments are persons subject to suit for damages and prospective relief. . . . No defendants are entitled to Eleventh Amendment immunity of qualified immunity.

(Dkt. No. 117 at 6)(internal citations omitted).

Other than providing general legal principles and the conclusory statement that no defendants are entitled to immunity, Plaintiffs do not specifically address the findings of the Magistrate Judge that the Texas DPS is entitled to immunity. Plaintiffs' objections are without merit and are overruled.

**B.     The remaining newly-added Moving Defendants**

The Magistrate Judge recommended Plaintiffs' claims against the remaining newly-added Moving Defendants (City of Mt. Pleasant, Texas; Supervisors Bryant, Gonzalez, and Roney; Titus County, Texas; Fosdick; and Craig-Burns) are barred by limitations. The statute of limitations for constitutional actions is governed by the two-year statute of limitations found in the Texas Civil Practice and Remedies Code § 16.003. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). A complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action. *Kaiser Alluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Doe v. Linam*, 225 F.Supp.2d 731, 734 (S.D. Tex. 2002) ("A Rule 12(b)(6) motion to dismiss for failure to state a claim is the proper vehicle by which to assert a limitations defense where a plaintiff's complaint shows affirmatively that his claims are time-barred.").

As noted by the Magistrate Judge, Plaintiffs filed their SAC adding the newly-added Moving Defendants on July 22, 2015. The underlying arrest and incarceration made the basis of Plaintiffs'

4

claims occurred on February 26, 2013. In Plaintiffs' response to Defendants' motions to dismiss, Plaintiffs admitted the statute of limitations ran on February 27, 2015.

Their only argument was the Docket Control Order allowed joinder of parties until August 31, 2015. Plaintiffs failed to cite any authority that allows a scheduling order to extend the statute of limitations. Although there can be cases where joinder after the statute of limitations has run is allowed under the Federal Rules of Civil Procedure, the Court agrees with the Magistrate Judge this case is not one of them. Prior to July 22, 2015, the only defendants were Texas state agencies and several Texas DPS Troopers that are all being represented by the Texas Attorney General's Office.

In their objections to the Report and Recommendation, Plaintiffs assert, for the first time, a claim of conspiracy. According to Plaintiffs, the conspiracy began on February 26, 2013 and lasted until May 26, 2015,[2] tolling the statute of limitations. Plaintiffs' newly-raised conspiracy and tolling claims are not supported by the pleadings in this case. Plaintiffs' SAC (Dkt. No. 48) makes no mention of any conspiracy with respect to any of the defendants. The word "conspiracy" does not appear one time. Additionally, no conspiracy theory was ever alleged against Moving Defendants in Plaintiffs' response to Defendants' motions to dismiss. Plaintiffs' "conspiracy" theory to extend the statute of limitations fails.

As acknowledged by Plaintiffs, the SAC adding the City of Mt. Pleasant, Texas; Supervisors Bryant, Gonzalez, and Roney; Titus County, Texas; Fosdick; and Craig-Burns was filed approximately five months after the statute of limitations had run. The Magistrate Judge correctly ruled that Plaintiffs' claims against these newly-added Moving Defendants should be dismissed with prejudice.

---

[2] The Court notes Plaintiffs give no explanation or reasoning for this date.

Plaintiffs' objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendants Bryant, Gonzalez, and Roney's Motion to Dismiss (Dkt. No. 54); Defendant Texas Department of Public Safety's Motion to Dismiss (Dkt. No. 55); Defendant City of Mt. Pleasant, Texas' Motion to Dismiss (as to Plaintiff's Amended Complaint) Dkt. No. 56); Defendant Lauren Craig-Burns' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) (Dkt. No. 66); and Defendants Brad Fosdick and Titus County, Texas' Motion to Dismiss (Dkt. No. 67) are **GRANTED**. It is further

**ORDERED** that Plaintiffs' above-entitled and numbered cause of action against Bryant, Gonzalez, Roney, Craig-Burns, the City of Mt. Pleasant, Texas, Brad Fosdick, and Titus County, Texas is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Plaintiffs' above-entitled and cause of action against the Texas Department of Public Safety is **DISMISSED WITHOUT PREJUDICE.**

**So ORDERED and SIGNED this 23rd day of February, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE