**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| ELIZABETH RICHARDS AND | § | |
| MARCUS TYRELL GAY, SR. | § | |
| | § | |
| V. | § | No. 5:14CV111-JRG-CMC |
| | § | |
| CHARLES CANNON, ET AL. | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiffs filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Pro se plaintiffs Elizabeth Richards and Marcus Tyrell Gay, Sr. ("Plaintiffs") filed separate civil rights lawsuits seeking damages arising under the United States Constitution via 42 U.S.C. § 1983 for their alleged wrongful arrests on February 26, 2013. The two lawsuits were consolidated into the current matter on October 17, 2014. On October 20, 2014, Plaintiffs filed an Amended Defendants List, which included the State of Texas; Troopers Charles Cannon, Jason Pearce, Justin Hilton, and Nathan Head in their individual and official capacities; and an "unknown officer" with the Texas Department of Public Safety.

On December 1, 2014, the Magistrate Judge ordered Plaintiffs to file one consolidated amended complaint, setting forth the remaining defendants, the alleged acts committed by each defendant, in what capacity each defendant is being sued, and the relief requested by each plaintiff. (Docket Entry # 34). The consolidated amended complaint filed by Plaintiffs on December 29, 2014

listed the State of Texas and Troopers Cannon, Hilton, and Head (but not Pearce).[1]

Plaintiffs filed a Second Amended Complaint (entitled "Amended Complaint") on July 22, 2015, adding as defendants for the first time the Texas Department of Public Safety ("DPS"); Supervisors Gonzalez, Bryant, and Roney; Titus County, Texas; Titus County Jail Captain Fosdick; the City of Mt. Pleasant, Texas; and Craig-Burns, an employee with the Texas Department of Family and Protective Services. (Docket Entry # 48). On January 25, 2016, the Magistrate Judge issued a Report and Recommendation, recommending Plaintiffs' claims against these newly-added defendants be dismissed. After considering Plaintiffs' objections, the undersigned adopted the Report and Recommendation as the findings and conclusions of the Court.

Thus, the only remaining defendants are DPS Troopers Cannon, Pearce, Hilton, and Head ("Defendants"). Defendants moved for summary judgment, asserting they are entitled to qualified immunity with regard to Plaintiffs' § 1983 cause of action for false arrest.

## REPORT AND RECOMMENDATION

On February 11, 2016, the Magistrate Judge issued a 21-page Report and Recommendation, recommending Defendants' motion for summary judgment be granted and that Plaintiffs' above-entitled and numbered cause of action against Defendants be dismissed with prejudice. Specifically, the Magistrate Judge found the initial traffic stop was reasonable, and Plaintiffs' continued detention was based on reasonable suspicion. According to the Magistrate Judge, a reasonable peace officer in Trooper Cannon's position would think, based on the totality of the circumstances, that he had reasonable suspicion for the prolonged stop.

The Magistrate Judge further noted a drug detection canine alerted to part of the vehicle,

---

[1] Any unknown officer(s) and the State of Texas have been dismissed from this lawsuit.

giving Trooper Cannon probable cause to search the vehicle for contraband. The Magistrate Judge found Defendants had demonstrated there are no genuine issues of material fact regarding the issue of probable cause for Plaintiffs' arrest. She also concluded the subsequent impoundment of the vehicle and the inventory search were also reasonable.

Finally, the Magistrate Judge found Defendants are entitled to qualified immunity. The Magistrate Judge viewed the evidence, including the video of the traffic stop, in the light most favorable to Plaintiffs and found Defendants' conduct did not deprive Plaintiffs of a "clearly established" constitutional or statutory right.

## **PLAINTIFFS' OBJECTIONS**

Plaintiffs filed objections to the Magistrate Judge's recommendation. In their objections, Plaintiffs argue **for the first time** that Defendants conspired with one another and also initiated a malicious prosecution against Plaintiffs in violation of the Fourth and Sixth Amendments.[2] Although Plaintiffs' Amended Complaint contains no allegations of malicious prosecution or conspiracy, Plaintiffs argue in their objections that Defendants have not properly addressed "malicious prosecution."

Regarding the false arrest claim that is alleged in the live pleading and is the subject of the

---

[2] Specifically, Plaintiffs assert Defendants "deliberately lied to a Grand Jury making arbitrary accusations that resulted in" criminal charges being filed against them in Titus County, Texas (Cause Nos. 18374 and 18375). According to Plaintiffs, the charges were ultimately dismissed because Defendants had no corroborating evidence showing Plaintiffs were guilty of possession of marijuana. (Docket Entry # 124 at 14). Although the video and numerous photos reveal "plastic in bundles," Plaintiffs assert no marijuana was discovered by any trooper, and no testing ever revealed the presence of marijuana. *Id*.
    Plaintiffs further assert there was a conspiracy between Defendants and Titus County, Texas which "promulgated the denial of Plaintiffs' right to speedy trial and Fourth Amendment protections from pretrial deprivations." *Id.* at 15.

February 11 Report and Recommendation before the Court, Plaintiffs assert the following specific objections, all of which were raised in the original briefing considered by the Magistrate Judge.

**Cannon:**

- Cannon's initiation of the traffic stop was illegal because Cannon never observed Plaintiffs speeding. Nor did he use any radar equipment to measure Plaintiffs' speed. The allegation of speeding was a "pretextual allegation" used to "falsely cultivate and falsely establish a court's minimum requirement for reasonable suspicion for initiating a traffic stop." (Docket Entry # 124 at 3).

- Cannon never issued or intended to issue Gay a warning citation for speeding but only planned to question Gay in his squad car and violate his privacy by subjecting him to a search of his vehicle.

- While Cannon was conducting license and registration verifications on Marcus Gay and the rental car he was driving, Gay truthfully answered all of Cannon's questions about his company affairs, the purpose of the trip, and his criminal history, which came back "clear" with no warrants. *Id*.

- When a criminal history for Gay was revealed on the in-car computer, Gay explained to Cannon that "the stuff was not convictions on his record and that it must have been things from his brother Fredrick 'Fred' Gay's criminal history. . . . Cannon was aware that Fredrick . . . Gay is known for using Marcus Gay, Sr. as an alias name with police. . . ." *Id.*

- Cannon fabricated Gay's criminal history in his "self-serving police report." *Id*. at 4.

- Afer Gay refused consent to search his vehicle, Cannon illegally expanded the scope of the traffic stop and unlawfully prolonged the traffic stop beyond the time reasonably necessary to issue a warning for alleged speeding.

- Cannon dispatched the drug k-9 unit without any probable cause.

- Cannon's statement on the "altered video tape" that "its in the doors" was a deliberate lie, as the photos reveal the rental vehicle had a "rubber gasket seal that would have blocked any view of the interior chamber of the door by Cannon." *Id*. at 6.

- Cannon illegally arrested Plaintiffs under a "bet" with other officers for cocaine possession.

**Pearce**

- Canine handler Pearce, knowing a refusal to consent to a search is not a legal ground to expland the scope of a traffic stop, conspired with Cannon to assist him. "This act conducted

under color of state law initiated the conspiracy against the Plaintiffs." *Id*. at 5.

- Pearce deliberately lied in his police report when stating K-9 Bora gave a positive alter for drugs. Pearce waving his hand in Bora's face caused the canine to make "what they falsely construed to be [an] alert. . . ." *Id.*

**Hilton and Head**

- Several other troopers, including Justin Hilton and Nathan Head, also arrived at the scene before Pearce's false declaration of a positive alert. They conspired together with Cannon and Pearce to interfere with Plaintiffs' civil rights. *Id* at 5-6.

- After 45 minutes of unlawful detainment, Cannon announced "its in the doors" with no verification or validation from the other troopers. *Id*. at 6.

- Without probable cause, Head physically drove off in Plaintiffs' rental car.

**Defendants**

- The car was damaged when Defendants broke the doors and other interior compartments and seats. *Id*.

- After damaging the doors, "it can be heard on the video tape that there is no cocaine in the door. Several officers block the view of the dash cam recording. An officer is heard making a statement that marijuana is found, and instantly it can be heard from another officer stating, 'and they say the police don't lie.' The troopers lied about discovering marijuana in Plaintiffs' . . . possession and vehicle." *Id.* at 6-7.

## ***DE NOVO* REVIEW**

Since Plaintiffs are representing themselves, the Court construes the allegations in their complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)(per curiam). While the Court liberally construes the briefs of pro se litigants, pro se parties must still brief issues and reasonably comply with court standards. *Grant v. Cuellar*, 59 F.3d 523 (5th Cir.1995). "Additionally, courts are not obligated under Federal Rule of Civil Procedure 56 to search the record in order to find evidence supporting a party's opposition to a summary judgment motion." *Osborne v. City of Dallas*, 2015 WL 8569581, at *2 (N.D. Tex. Nov. 25, 2015) report and recommendation adopted, 2015 WL

5

8538918 (N.D. Tex. Dec. 11, 2015).

Plaintiffs' Amended Complaint makes no mention of any conspiracy with respect to any of the defendants. The word "conspiracy" does not appear one time. Additionally, no conspiracy theory was ever alleged against Defendants in Plaintiffs' response to Defendants' motion for summary judgment.

Plaintiffs also attempt to defeat summary judgment based on a malicious prosecution argument never previously raised by Plaintiffs in this case.[3] Plaintiffs' Amended Complaint never alleges a claim for malicious prosecution. The complaint alleges Cannon and Pearce fabricated circumstantial information to justify the unlawful traffic stop, search and seizure, and subsequent arrest of Plaintiffs (Docket Entry # 48 at 5). However, it does not mention any subsequent prosecution at all, much less specific conduct and actions giving rise to a constitutional violation insofar as Defendants fabricated evidence or withheld evidence to get them falsely charged. Contrary to the assertions made for the first time in their objections, Plaintiffs have never alleged, or sought leave to allege, that Defendants conspired with each other or deliberately lied to a Grand Jury by making "arbitrary accusations" against Plaintiffs to get them charged in criminal proceedings.[4]

---

[3] There is no substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause. *Cole v. Carson*, 802 F.3d 752, 765 (5th Cir. 2015). There may be a due process violation, however, where police intentionally fabricate evidence and successfully get someone falsely charged, and the Fourth Amendment is unavailing. *Id.* at 773. In *Cole,* the Fifth Circuit "agree[d] with those [circuit courts] that have found a due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person." *Id*. at 771.

[4] "[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The case should not be allowed to proceed unless plaintiff can assert specific facts that, if true, would overcome the defense. *See Morin*, 77 F.3d at 120 ("Public officials are entitled to qualified immunity from suit

(Docket Entry # 124 at 14 & 16).

Defendants moved for summary judgment only on the false arrest claim asserted by Plaintiffs in their Amended Complaint; Plaintiffs' responsive briefing only addressed the false arrest claim; and the Magistrate Judge's Report and Recommendation only addressed the false arrest claim. The Magistrate Judge thoroughly considered Plaintiffs' claim that Defendants fabricated evidence to justify what was an illegal traffic stop, including Plaintiffs' arguments outlined in the bullet points above. After viewing the video of the stop, the Magistrate Judge found it contains nothing that creates a genuine issue of material fact that probable cause was lacking for Plaintiffs' arrest. The Court agrees. Viewing all of the evidence in the light most favorable to Plaintiffs, the Court finds Plaintiffs have not met their summary judgment burden of asserting specific facts showing there is a genuine issue of material fact on one of the essential elements of their false arrest claim, namely that the arresting officer lacked probable cause. FED. R. CIV. P. 56(e).

Defendants also raised the defense of qualified immunity. Therefore, it is Plaintiffs' burden to rebut Defendants' claim of qualified immunity. *Cole*, 802 F.3d at 757. The majority of Plaintiffs' objections address claims never plead in this case. The remaining objections merely rehash arguments fully considered by the Magistrate Judge in the February 11 Report and Recommendation. A "fair reading" of Plaintiffs' objections does not reveal any attempts by Plaintiffs to rebut Defendants' qualified immunity defense as to Plaintiffs' false arrest claim. *See Osborne*, 2015 WL 8569581, * 2. Because Plaintiffs have failed to present competent evidence to rebut Defendants'

---

under § 1983 unless it is shown by specific allegations that the officials violated clearly established law."); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity[.]").

qualified immunity defense, Plaintiffs have failed to meet their burden. Defendants are entitled to judgment as a matter of law.

Plaintiffs' objections are without merit and are overruled. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendants' Cannon, Pearce, Hilton, and Head's Motion for Summary Judgment (Dkt. No. 51) is **GRANTED**. It is further

**ORDERED** that Plaintiffs' above-entitled and numbered cause of action against Cannon, Pearce, Hilton, and Head is **DISMISSED WITH PREJUDICE**.

**So Ordered this**
**Mar 18, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE